Case:13-00051-ESL Doc#:175 Filed:04/06/20 Entered:04/06/20 14:24:22 Desc: Main Document Page 1 of 27

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 12-01076 (ESL) |
| NATIONAL PROMOTERS AND SERVICES INC. | CHAPTER 11 |
| Debtor | |
| NATIONAL PROMOTERS AND SERVICES, INC. | ADV. PROC. NO. 13-00051 (ESL) |
| Plaintiff | |
| vs. | |
| MULTINATIONAL LIFE INSURANCE COMPANY | |
| Defendant | |

OPINION AND ORDER

This adversary proceeding is before the court upon the contested matter which was raised in the February 28, 2018 evidentiary hearing (Docket No. 167) by the court namely; that even if there is a right to compensation under the Civil Code of Puerto Rico, if under the circumstances and the legal juncture of this bankruptcy case, what are the binding effects of a confirmed chapter 11 plan and how the state setoff rights apply in bankruptcy. Thereafter, Multinational Life Insurance Company (hereinafter referred to as "Multinational" or Defendant) filed a *Memorandum of Law Related to Affirmative Defense* arguing: (i) confirmation and discharge do not prohibit the defensive use of setoff in a subsequent action by the debtor; (ii) the defense of setoff is applicable in this adversary proceeding pursuant to 11 U.S.C. §553 and articles 1149-1156 of the Puerto Rico Civil Code ("Civil Code"); (iii) section 553 takes precedence over section 1141; and (iv) no impediment or constraint has been identified for this Court to consider the allegations of compensation/setoff in a defensive nature, as raised by the defendant in the affirmative defense and the counterclaim (Docket No. 166). National Promoters and Services,

-1-

Inc. (hereinafter referred to as "NAPRO" or the Debtor or Plaintiff) filed its *Memorandum of Law Regarding the Effect of the Confirmation of the Plan on Defendant's Alleged Counterclaim* in which it contends: (i) any claim by the Defendant has been waived and cancelled by the effect of the Order confirming Debtor's plan of reorganization; (ii) Defendant had actual knowledge and notice of the bankruptcy proceedings and received notice of all matters related to the Disclosure Statement, Debtor's plan of reorganization, as amended, and of the confirmation of the plan since their initial appearance in April 2013; (iii) Defendant is bound by the plan of reorganization and the confirmation order; (iv) Defendant waived through its inaction, the right to assert any prepetition claim at this juncture of the proceedings; (v) "[b]oth sections 553(a) and 362(a)(7) provide that any setoff rights which a creditor may have are subject to the provisions of the automatic stay and that creditors are enjoined from enforcing such setoff rights, until they seek and obtain relief from the automatic stay;" (vi) "[c]ourts have even stated that in order for a creditor to interpose its right to setoff a counterclaim, such creditor must first request relief from the automatic stay in order to effectuate such right;" and (vii) "…in bankruptcy a creditor must assert its rights of setoff in a timely fashion in the debtor's bankruptcy proceedings, or risk losing the right altogether" 5 Collier on Bankruptcy ¶553.07 (Docket No. 169). Multinational filed a *Motion in Reply to Docket No. 169* arguing that: (i) pursuant to the "Home Bankruptcy Exception" the automatic stay does not apply to proceedings in the bankruptcy court which has jurisdiction over the debtor. "Any action to recover property, to collect money, to enforce a lien, or to assert a prepetition claim against the debtor which would otherwise be enjoined by 11 U.S.C. §362(a) if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending" (citations omitted); (ii) "… it is unwarranted that defendant is required to seek the relief of the automatic stay to assert its rights of setoff within an adversary proceeding brought by the debtor in its own case and before the same Bankruptcy Court; (iii) the Defendant first raised and brought its right of setoff on May 9, 2013 when it filed its *Answer to Complaint* and *Counterclaim* (Docket No. 10). This was more than one (1) year before the plan of reorganization was confirmed on May 23, 2014; (iv) "[i]t is

uncontested and consistent to standing case law that a creditor's failure to file a proof of claim does not impair its right to exercise its setoff rights;" and (v) the confirmation of a plan of reorganization, which does not address the defendant's setoff rights nor claim, does not preclude the defendant right to assert a setoff in a defensive fashion (Docket No. 172). The Debtor filed its *Response to Defendant's Reply to Debtor's Memorandum of Law* (Docket No. 174).

The legal issues before the court are the following: (i) whether filing a proof of claim is a prerequisite to assert the right of setoff; (ii) whether the Defendant had to file a motion for relief of the automatic stay to file its counterclaim in the adversary proceeding pursuant to 11 U.S.C. §§553(a) and 362(a)(7); (iii) is setoff an affirmative defense or must the same be asserted via a counterclaim pursuant to Fed. R. Bankr. P. 7013; and (iv) whether 11 U.S.C. §553 takes precedence over 11 U.S.C. §1141, meaning whether the Defendant's setoff rights have been waived and cancelled by the effect of the Order confirming Debtor's Plan of Reorganization.

For the reasons stated herein, the court holds as follows: (i) filing a proof of claim is not a prerequisite to asserting the right of setoff; (ii) the Defendant in an adversary proceeding does not have to file a motion for relief of the automatic stay to assert its setoff rights as an affirmative defense or to file a counterclaim; (iii) setoff may be treated as an affirmative defense if no distribution from the bankruptcy estate is requested or it may be asserted as a permissive counterclaim if affirmative relief is sought; and (iv) in the instant case, 11 U.S.C. §553 takes precedence over 11 U.S.C. §1141.

<u>Jurisdiction</u>

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

<u>Procedural Background</u>

The Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on February 15, 2012 (Lead Case No. 12-01076). The deadline to file a proof of claim for all creditors

was June 21, 2012 (Lead Case No. 12-01076, Docket No. 4). The Debtor included in Schedule B- Personal Property, an account receivable from Multinational in the amount of $115,000 for administrative fees for the month of December 2011 (Lead case No. 12-01076, Docket No. 8, pg. 26).  On March 14, 2013, the Debtor filed the instant adversary proceeding against Multinational for breach of contract and collection of monies owed pursuant to a service contract executed between the Plaintiff and defendant National Life Insurance Company (NALIC), now Multinational Life Insurance Company (Docket No. 1). On May 9, 2013, the Defendant filed its *Answer to Complaint* and *Counterclaim* (Docket No. 10). On May 28, 2013, the Plaintiff filed its *Answer to Crossclaim[1]* (Docket No. 12). On July 19, 2013, the Defendant filed a *Motion Requesting Rescheduling and/or Conversion of Pre-Trial Hearing* and the same was granted on July 23, 2013 (Docket Nos. 13 & 14). On January 28, 2014, the pretrial conference was held in which the court granted the parties sixty (60) days to file a settlement agreement and ninety (90) days to file dispositive motions and replies are due fourteen (14) days thereafter. The pretrial hearing is continued without a date (Docket No. 20).

On May 5, 2014, the Debtor filed its *Third Amended Plan of Reorganization* and the *Order Confirming Third Amended Plan* was entered on May 23, 2014 (Lead case No. 12-01076, Docket Nos. 379 & 386). On April 23, 2014, the Court ordered the parties as follows: "On January 28, 2014, the instant adversary proceeding came before the court for a pretrial hearing. The parties were granted sixty (60) days to file a settlement agreement. In spite of the time that has elapsed, the parties have not moved the court. Therefore, the court now orders the parties to inform the court within fourteen (14) days on the status of the negotiations and/or how they intend to proceed in this action" (Docket No. 22).  On May 7, 2014, NAPRO filed a *Motion in Compliance with Order to Inform* requesting a date for a pretrial hearing, given that it has not had the time to meet and discuss the allegations with its legal counsel to consider a settlement (Docket No. 24). On May 7, 2014, the Defendant filed a *Motion in Compliance* requesting that the discovery process remain open for another month so that parties may exchange information that could result in a

---

[1] The court notes that the Plaintiff titled its motion, *Answer to Crossclaim.* However, no crossclaim has been filed in this adversary proceeding. Only a counterclaim at docket no. 10.

settlement (Docket No. 25). On May 13, 2014, NAPRO filed its *Position Regarding Reply to "Motion in Compliance with Order to Inform"* by which it requested the court to set a date for a pretrial hearing (Docket No. 26). On May 19, 2014, the court denied the motion (Docket No. 24) filed by the Debtor without prejudice to renewing the request after thirty (30) days (Docket No. 27).

On June 26, 2014, the Debtor/Plaintiff filed a *Motion to Inform Intent to Perform Additional Discovery* requesting a term of forty-five (45) days to conclude discovery and file dispositive motions and the court granted the same on July 1, 2014 (Docket Nos. 32 & 33). On July 15, 2014, the Plaintiff filed a *Motion to Inform Service of Request for Discovery* (Docket No. 35). On September 11, 2014, the Plaintiff/Debtor filed a *Motion Requesting Order to Compel Response to Discovery Requested by the Debtor* requesting the court to order the Defendant to immediately respond to the discovery interrogatories submitted and served on July 15, 2014 and the same was granted on (Docket Nos. 36 & 37).

Thereafter, the Plaintiff filed additional motions to compel and requested sanctions for violating discovery requests and orders. On November 2, 2017, the Court entered an Order (for both adversary proceedings 13-00049 and 13-00051) in which it concluded that the Defendants did incur in delayed compliance with the discovery requests, but the same did not raise to the level of bad faith and thus, the court awarded as sanctions in favor of NAPRO against Multinational the amount of attorney's fees incurred as a result of their failure to comply with the discovery requests. The court declined to enter default as a sanction. In the same Order, the court also granted the Plaintiff's request for a prejudgment attachment in both adversary proceedings after finding that such provisional and preventive measure to insure the effectiveness of a judgment on the merits, under the particular circumstances of this case, involving delay due to discovery and involving transfers which may arguably place into question the ability to pay (Docket No. 122).

On November 2, 2017, the court entered an Order and Notice by which it scheduled an evidentiary hearing on the merits of the complaint in each of the adversary proceedings for

February 28, 2018. The parties were ordered to file proposed findings of fact and conclusions of law fourteen (14) days prior to the hearing (Docket No. 123).

On February 19, 2018, the Plaintiff filed its *Proposed Findings of Fact and Conclusions of Law* (Docket No. 159). On February 19, 2018, the Defendant filed its *Statement of Facts and Memorandum of Law* (Docket No. 160). The evidentiary hearing was held on February 28, 2018. The court stated that regarding adversary proceeding 13-00051, it needed to know if the contract submitted is the contract between the parties. The other issue is the events that happened in late November 2011 and early December 2011, to determine if there is any liability as to Defendant Multinational to pay the $115,000 (Docket No. 167).

At the conclusion of the evidentiary hearing, the court stated, "… that at this point it was not going to hear evidence on the counterclaim." The court instructed the defendant to file its motion with the evidence as to the basis for the counterclaim and the Plaintiff/Debtor would have time to oppose. Irrespective of the evidence to be presented, the court expressed concern as to what may be collected from a debtor corporation at this juncture because there is a confirmed plan. The court stated that Defendant has to go over the hurdle of the effects of a confirmed plan in making any claim against the debtor. The court ordered the defendant/counter claimant to move the court within thirty (30) days regarding the basis for the counterclaim and whether it can be collected at this time considering the juncture of the case. The Debtor was given thirty (30) days to reply (Docket No. 167, pgs. 18-19).

On April 6, 2018, the Defendant filed a *Memorandum of Law Related to Affirmative Defense* arguing that: (i) confirmation and discharge do not prohibit the defensive use of setoff in a subsequent action by the debtor; (ii) section 553 takes precedence over section 1141; "[i]f a claim has been discharged, the better view is that, notwithstanding the discharge, the creditor should be entitled to assert the claim defensively in an action brought by the debtor to collect on a debt. Similarly, if the debtor's confirmed plan says nothing about the creditor's right of setoff, the creditor holding a discharged claim should also be entitled to assert the claim on a defensive basis. In either instance, however, a creditor holding a discharged claim may not obtain an

affirmative recovery above the amount of the debt" 5 Collier on Bankruptcy ¶553.08 (16th ed. 2018); (iii) the defense of setoff is applicable in this adversary proceeding pursuant to 11 U.S.C. §553 and articles 1149-1156 of the Puerto Rico Civil Code ("Civil Code"), 31 L.P.R.A. §§3221-3228; (iv) none of the documents related to the disclosure statement nor the confirmed plan, to wit, dockets no. 128, 129, 140, 200, 370, 379, 380, 381 & 385, mentioned the defenses or counterclaim of the defendants nor provided a specific treatment, impairment, cancellation or dispute labeling; (v) no impediment or constraint has been identified for this Court to consider the allegations of compensation/setoff in a defensive nature, as raised by the defendant in the affirmative defense and the counterclaim; and (vi) the defendant requests that this Court determine that the setoff defense is available and as such, set a hearing to present the documentary and witness evidence in support of the same (Docket No. 166).

On May 4, 2018, the Debtor/Plaintiff filed its *Memorandum of Law Regarding the Effect of the Confirmation of the Plan on Defendant's Alleged Counterclaim* contending that: (i) any claim by the Defendant has been waived and cancelled by the effect of the Order confirming Debtor's Plan of Reorganization. Defendant had actual knowledge and notice of the bankruptcy proceedings and received notice of all matters related to the Disclosure Statement, Debtor's Plan of Reorganization, as amended, and of the confirmation of the plan since their initial appearance in April 2013; (ii) Defendant is bound by the plan of reorganization and the confirmation order. The confirmed plan contains several provisions which preclude the Defendant's counterclaim at this stage and enjoins Defendant from prosecuting any prepetition claim against the Debtor and the bankruptcy estate, including any setoff claim. As provided by the Plan, upon confirmation, the property of the estate, which includes the claim and account receivable owed by the Defendant to the Debtor, vested to the Debtor free and clear of any claims, including setoff claims; (iii) Defendant waived through its inaction, the right to assert any prepetition claim at this juncture of the proceedings. Defendant's Counterclaim should be dismissed and the alleged setoff defense should be disregarded; (iv) "[b]oth sections 553(a) and 362(a)(7) provide that any setoff rights which a creditor may have are subject to the provisions of the automatic stay and that creditors

are enjoined from enforcing such setoff rights, until they seek and obtain relief from the automatic stay" In re Nelson, 6 B.R. 248 (Bankr. D. Kan. 1980); In re Morgan, 196 B.R. 758 (Bankr. E.D. Ky. 1996); (v) "[c]ourts have even stated that in order for a creditor to interpose its right to setoff a counterclaim, such creditor must first request relief from the automatic stay in order to effectuate such right" In re Countryside Manor, Inc., 188 B.R. 489 (Bankr. D. Conn. 1995); In re Central Equip. & Serv. Co., Inc., 61 B.R. 986 (Bankr. N.D. Ga. 1986); (vi) "[t]he Plan contains specific language which enjoins creditors from asserting claims against the Debtor outside of the Plan provisions. It provides that 'all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtors and/or its Estate, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan or under any specific order entered by the Bankruptcy Court" (our emphasis). The record is devoid of any objection filed by Defendant to this language in the Confirmed Plan of Reorganization;" (vii) "…in bankruptcy a creditor must assert its rights of setoff in a timely fashion in the debtor's bankruptcy proceedings, or risk losing the right altogether" 5 Collier on Bankruptcy ¶553.07; (viii) in In re Klassen, 2005 Bankr. Lexis 1958 (Bankr. D. Ka. 2005), the court delineated the circumstances in which a creditor may have waived its right to setoff, which are the following: (1) length of the delay in asserting the right; (2) unjust creditor enrichment; (3) the diligence of the creditor; (4) detrimental reliance and prejudice; and (5) creditor behavior inconsistent with any intent to maintain its right. The Debtor/Plaintiff notes that this was a Chapter 12 case, but that the findings and legal reasoning are applicable to Chapter 11 considering that Section 1227 and 1141 are analogous; (ix) "the case of In re Continental Airlines, 218 B.R. 324 (D. Del. 1997), citing the Norton case, concludes that a creditor's right may be extinguished upon confirmation of a Chapter 11 plan; and (x) "[t]he language of the confirmed plan is unequivocal. Creditors are enjoined f[rom] asserting or continuing with any claims or causes of action not expressly preserved in the Plan. The only setoff rights which are preserved are those of the Debtor, not the creditors. The Plan

expressly states that property of the estate vests free and clear of any claims. The Plan expressly states that the same is to be funded with the proceeds of this adversary proceeding as well as other adversary proceedings filed (Docket No. 169).

On May 18, 2018, Multinational filed an *Amended Motion for Leave to File Reply* and the same was granted on May 21, 2018 (Docket Nos. 170 & 171). On June 4, 2018, Multinational filed its *Motion in Reply to Docket No. 169*, arguing that: (i) in the case at bar, the affirmative/defenses / counterclaim of the defendant is being entertained by the same court which has jurisdiction over the debtors. This is a crucial distinction which thwarts the allegations of the plaintiff/debtor. Pursuant to the "Home Bankruptcy Exception" the automatic stay does not apply to proceedings in the bankruptcy court which has jurisdiction over the debtor. "Any action to recover property, to collect money, to enforce a lien, or to assert a prepetition claim against the debtor which would otherwise be enjoined by 11 U.S.C. §362(a), if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending" (citations omitted); (ii) "… the case law cited by Plaintiff is distinguishable and not applicable to the facts of the case at bar. To this point Defendant has not performed an actual enforcement of its right of setoff but, it has been raised "… it is unwarranted that defendant is required to seek the relief of the automatic stay to assert its rights of setoff within an adversary proceeding brought by the debtor in its own case and before the same Bankruptcy Court; (iii) the Defendant first raised and brought its right of setoff on May 9, 2013 when it filed its *Answer to Complaint* and *Counterclaim* (Docket No. 10). This was more than one (1) year before the plan of reorganization was confirmed on May 23, 2014; (iv) "[i]t is uncontested and consistent to standing case law that a creditor's failure to file a proof of claim does not impair its right to exercise its setoff rights;" (v) the confirmation of a plan of reorganization, which does not address the defendant's setoff rights nor claim, does not preclude the defendant right to assert a setoff in a defensive fashion; (vi) the Plaintiff's assertion that the Defendant is precluded from exercising its setoff rights after the confirmation of the plan, rely on the rulings in In re Continental Airlines, Inc., and In re Klassen. However, none of these two cases use the setoff

right in a defensive fashion; (vii) "[e]ven if included within the allegations of the counterclaim, a Court is able to relabel a 'defense' as a 'counterclaim' or vice versa, pursuant to Fed. R. Bankr. P. 7008; (viii) a setoff is allowed as a defense to a claim brought by the debtor against a creditor. However, a creditor can only claim an amount large enough to offset its debt. See In re De Laurentiis Entertainment Group, Inc., 963 F. 2d 1269 (9th Cir. 1992); In re Central Equip. & Serv. Co., Inc., 61 B.R. 986 (Bankr. N.D. Ga. 1986); and (ix) if the Court finds that the debt owed by the Debtor/Plaintiff to Defendant is greater in amount, than the debt owed by the Defendant to the Debtor, then the Defendant is estopped from attempting to collect the excess amount from the debtor because defendant failed to file a timely proof of claim (Docket No. 172).

On June 18, 2018, the Plaintiff filed a *Motion Requesting Leave to Respond to Defendant's Reply to Debtor's Memorandum of Law* (Docket No. 173). On June 19, 2018, the Debtor filed its *Response to Defendant's Reply to Debtor's Memorandum of Law* arguing that: (i) the "home bankruptcy exception" does not overcome the fact that its own acts preclude them from inequitably asserting, at this late stage, a claim against the Debtor/Plaintiff; (ii) the Defendant does not address that upon confirmation, the property vests to the Debtor free and clear of any claims, except for those provided in the Plan and thus, they are precluded from claiming funds against the Debtor. "It is evident from the allegations contained in the Counterclaim that Defendant is asserting [a] claim against the Debtor, and not merely raising [a] defense." "Defendants cannot at this stage state that they were merely raising a defense and not making a monetary claim against the Debtor; (iii) "[c]ontrary to the cases cited by Defendant in the reply, the counterclaim filed is an attempt to collect or to secure a judgment for this alleged 'claim.' Therefore, it is not merely the defensive use of the set-off envisioned by Section 553 of the Bankruptcy Code, as now Defendant seems to imply in the Reply;" (iv) "[w]hen faced with evidence that they were notified of all relevant pleadings in the bankruptcy case, including the plan and confirmation process, Defendant alleges that it is seeking setoff as a defense only and not as a claim against the Debtor for payment;" and (v) "… in this case the Defendant has waived its right to assert at this late stage of the proceedings application of Section 553 of the Bankruptcy

Code. In any event, this Honorable Court has the authority to use discretion, based on the specific facts of this case and equitable principles, and even if it understands that there may be a right to raise setoff as a defense under section 553, disallow the prosecution of the counterclaim filed by Defendant" (Docket No. 174).

The following findings were made by the court at the evidentiary hearing held on February 28, 2018, regarding the instant adversary proceeding: (i) that the chapter 11 petition was filed on February 15, 2012; (ii) Multinational was not scheduled as a creditor; (iii) a review of the record shows that Multinational did not file a proof of claim; and (iv) that the plan filed on May 5, 2014 (Docket No. 379) was confirmed on May 23, 2014 (Docket No. 386) and Multinational was not included in the plan in Docket No. 379 (Docket No. 167).

At this juncture, there are several legal issues that are before the court; namely: (i) whether filing a proof of claim is a prerequisite to assert a setoff; (ii) is setoff an affirmative defense or must the same be asserted via a counterclaim pursuant to Fed. R. Bankr. P. 7013; (iii) whether the Defendant had to file a motion for relief of the automatic stay to file its counterclaim in the adversary proceeding pursuant to 11 U.S.C. §§553(a) and 362(a)(7); and (iv) whether 11 U.S.C. §553 takes precedence (trumps) over 11 U.S.C. §1141, meaning whether the Defendant's setoff rights have been waived and cancelled by the effect of the Order confirming Debtor's Plan of Reorganization.

<u>Applicable Law and Analysis</u>

*The right of setoff pursuant to 11 U.S.C. §553*

The right of setoff is a right of equitable origin that "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A" <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 18, 116 S. Ct. 286, 289, 133 L. Ed. 2d 258, 262 (1995) (quoting <u>Studley v. Boylston Nat. Bank</u>, 229 U.S. 523, 528, 57 L. Ed. 1313, 33 S. Ct. 806 (1913)). Even though the right of setoff is equitable in origin, the Bankruptcy Code provides no general equitable mechanism for disallowing setoff rights that are preserved by section 553. "Consistent with the text of section 553, the best statement of modern

-11-

law and practice is that, if the relevant claim and debt constitute mutual obligations within the meaning of section 553, a right of setoff should be recognized in bankruptcy unless the right is invalid in the first instance under applicable nonbankruptcy law, or unless it is otherwise proscribed by some express provision of the Code. There remains no general equitable power to disallow a valid right of setoff preserved under section 553." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.02[3] (16th ed. 2020).

"In general, Section 553[2](a) recognizes and preserves a right of setoff where four conditions exist: (1) the creditor holds a 'claim' against the debtor that arose before the commencement of the case; (2) the creditor owes a 'debt' to the debtor that also arose before the commencement of the case; (3) the claim and debt are 'mutual'; and (4) the claim and debt are each valid and enforceable." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.01[1] (16th ed. 2020). It is important to note that section 553 does not create setoff rights, it preserves those that already exist under applicable law and then must satisfy the requirements of section 553. Id at ¶553.01[2]. The party asserting setoff has the burden of proof. See Pester Refining Co. v. Mapco Gas Products, Inc. (In re Pester Refining Co.), 845 F. 2d 1476, 1486 (8th Cir. 1988).

---

[2] 11 U.S.C. §553(a) provides:

"(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—
    (A) after the commencement of the case; or
    (B) (i) after 90 days before the date of the filing of the petition; and
        (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561 or
(3) The debt owed to the debtor by such creditor was incurred by such creditor—
    (A) After 90 days before the date of the filing of the petition;
    (B) while the debtor was insolvent; and
    (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561." 11 U.S.C. §553(a).

*Proof of Claim & Setoff*

The first step in our analysis is to determine whether Multinational has waived its setoff right as the Debtor/Plaintiff contends. Thus, the first issue the court will delve into is whether the Defendant had to file a proof of claim as a prerequisite to assert its setoff rights as an affirmative defense in its Complaint and in its Counterclaim. The court notes that even though this particular issue has not been directly addressed by the First Circuit, in the case of United States v. Fleet Bank (In re Calore Express Co.), 288 F. 3d 22, 37-38 (1st Cir. 2002), the First Circuit expressed the following regarding whether a creditor has waived the right of setoff:

> "[o]ur holding that a waiver of setoff implied from the conduct of the creditor rest on conduct that demonstrates intent will seldom, if ever, permit the courts of this circuit to imply waiver from mere silence. This result is consistent with the Bankruptcy Code, which provides that with limited exceptions the Code 'does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.' 11 U.S.C. §553(a). Those exceptions include the automatic stay, so that a creditor may not exercise a pre-petition right of setoff during bankruptcy proceedings without first obtaining the permission of the court. See. id. §362(a)(7). Nevertheless, there is authority that §553 may allow a creditor even to wait out the bankruptcy proceedings and then, afterwards, exercise a pre-petition right of setoff unimpaired by the actions of the bankruptcy court, although the court has meanwhile granted a discharge or confirmed a plan of reorganization. Davidovich v. Welton (In re Davidovich), 901 F. 2d 1533, 1539 (10th Cir. 1990) ("The right to assert setoff against a mutual, pre-petition debt owed the bankruptcy estate survives even the Bankruptcy Court's discharge of the bankrupt's debts."); see also Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 21, 133 L. Ed. 2d 258, 116 S. Ct. 286 (1995) (declining to answer the question whether the right survives the confirmation of a plan of reorganization in a Chapter 13 case)." In re Calore Express Co., 288 F. 3d at 37-38.

"In general, a creditor must file a proof of claim in order to participate in any distribution from a debtor's bankruptcy estate. It does not necessarily follow, however, that a creditor who fails to file a proof of claim thereby waives a right of setoff for all purposes. The prevailing view is that the failure to file a proof of claim does not prevent the creditor from asserting the right as a defensive matter, although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.07[1] (16th ed. 2020). Section 553 does not

contain a requirement that a proof of claim needs to be filed by a creditor that wants to exercise its setoff rights. Moreover, the majority of courts have concluded that failure to file a proof of claim is not a bar to assert a right of setoff. Neal v. Golden Knights, Inc. (In re Laughter, Inc.), 1995 Bankr. Lexis 2163, *10-11 (Bankr. E.D. Va. 1995), aff'd 1996 U.S. Dist. Lexis 15442 (E.D. Va. 1996); see also; Columbia Hosp. for Women Med. Ctr., Inc. v. NCRIC, Inc. (In re Columbia Hosp. for Women Med. Ctr., Inc.), 461 B.R. 648, 673 (Bankr. D.C. 2011)("Although failure to file a proof of claim may preclude NCRIC from asserting any right to distribution under the plan, it does not bar NCRIC from asserting a right of setoff defensively in a turnover proceeding"); Geltzer v. Bloom (In re Silverman Laces, Inc.), 404 B.R. 345, 365-66 (Bankr. S.D. N.Y. 2009) ("The clear majority and better view, however, is that filing a proof of claim is not a prerequisite to asserting an otherwise valid setoff"); Davidovich v. Welton (In re Davidovich), 901 F. 2d 1533 (10th Cir. 1990). In Calderone v. Mancino (In re Calderone), 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994), the court's analysis for allowing a creditor that has not filed a proof of claim to assert its setoff right was the following:

> "A creditor whose claim has been scheduled as disputed, contingent, or unliquidated must file a proof of claim by the bar date. Any such creditor who fails to do so shall not be treated as a creditor with respect to that claim for purposes of voting and distribution in any chapter 11 proceeding. See Fed. R. Bankr. P. 3003(c)(2).
>
> The language of this rule is clear and unequivocal and has been construed as meaning what it says. See In re Vertientes, Ltd., 845 F. 2d 57, 60 (3rd Cir. 1988). The holder of a disputed claim who fails to file a timely proof of claim is deemed not to have a claim against the chapter 11 estate and, accordingly, is not entitled to any distribution under the plan of reorganization. See In re Nutri Bevco, Inc., 117 Bankr. 771, 778 (Bankr. S.D.N.Y. 1990). Any prepetition claim defendants in this case may have against debtor will be extinguished when a discharge is granted. See In re G.S. Omni Corp., 835 F. 2d 1317, 1318-19 (10th Cir. 1987).
>
> The above general rule does not apply to such a creditor when it merely asserts a right of setoff. A holder of a disputed claim who fails to file a timely proof of claim need not file a proof of claim as a prerequisite to asserting setoff pursuant to 11 U.S.C. §553. See In re G.S. Omni Corp., 835 F. 2d at 1318.
>
> The reason for this has to do with the nature of setoff. A creditor asserting setoff is not requesting distribution from the bankruptcy estate res but is seeking instead to satisfy the debt owed to it by debtor to the extent of the debt it owes to debtor." In re Calderone, 166 B.R. at 830.

-14-

However, it is important to note that there are a minority of courts that require the creditor to timely file a proof of claim as a prerequisite to exercising its setoff rights. See In re Laughter, Inc., 1995 Bankr. Lexis 2163, *12.

This court concludes that filing a proof of claim is not a prerequisite to being able to assert the right of setoff in a defensive manner in which it is not requesting to participate in the distribution of the estate. In the instant case, the Defendant acquiesced that if the debt it owed to the Debtor/Plaintiff was greater in amount than the debt owed by the Debtor, then it would be estopped from collecting the excess amount from the Debtor/Plaintiff because it failed to file a timely proof of claim (Docket No. 172, pgs. 12-13).

*Setoff and the relief from the automatic stay (11 U.S.C. §§553 and 362(a)(7)*

In the instant case, the Defendant did not request relief from the automatic stay to assert its right of setoff in its *Counterclaim*.  Thus, the second issue the court will delve into is whether the Defendant had to file a motion for relief of the automatic stay to file its counterclaim in the adversary proceeding pursuant to 11 U.S.C. §§553(a) and 362(a)(7). This issue of whether setoff is an affirmative defense or whether the same must be asserted via a counterclaim will also be addressed.

The Debtor/Plaintiff initiated an adversary proceeding on March 14, 2013.  On May 9, 2013, Multinational filed its *Answer to Complaint* and its *Counterclaim* (Docket No. 10). Multinational in its *Answer to the Complaint*, as part of its affirmative defenses included the doctrine of compensation pursuant to Articles 1149 et seq. of the Puerto Rico Civil Code, stating that the same was applicable and thus, it owed no monies to NAPRO. It further stated that, "[t]o the contrary, currently NAPRO has a debt with Multinational of no less than $440,000" (Docket No. 10, pg. 4-5). The Defendant in its *Counterclaim* alleges that the Debtor/Plaintiff owes Multinational an amount of no less than $75,000 on account of a loan it never repaid and that the Debtor/Plaintiff also had the obligation to provide certain reimbursements received from Evertec from services the company provided for the amount of $264,309.72 (Docket No. 10, pgs. 7-8). On May 28, 2013, the Plaintiff filed its *Answer to the Counterclaim* (Docket No. 12). The

Debtor/Plaintiff in its *Proposed Findings of Fact and Conclusions of Law* included the following as part of its argument: "Multinational now intends to avoid payment to the Debtor of the monthly installment for December 2011, claiming that there were debts owed which allowed a set-off of these amounts. Multinational further claims that the alleged debt owed by the Debtor exceeds the amount Debtor would be entitled to under the Service Agreement. These defenses and allegations do not assist Multinational as a matter of fact and law" (Docket No. 159, pg. 8). Multinational in its *Statements of Facts and Memorandum of Law* argues that, "Article 1110 of the Puerto Rico Civil Code establishes some other situations in which obligations are extinguished. One of the [situations] is compensation that is defined in Article 1149 of the Civil Code, 31 L.P.R.A. §3221, to wit: 'Compensation will take place when two persons in their own right, are recipients of credit and debtors to each other.' In this particular case, NAPRO alleged Multinational Life owes $115,000.00. At the same time, Multinational Life has presented evidence that it has credits in an amount exceeding $115,000.00. So, applying the legal figure of compensation, Multinational Life does not owe NAPRO any amount of money" (Docket No. 160, pg. 8).

Section 362(a)(7) enjoins, "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. §362(a)(7). Under section 362(a)(7), the postpetition setoff right is subject to the automatic stay, meaning that a creditor may not setoff postpetition without first obtaining relief from the automatic stay. Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶362.03[9]. "Like the rest of section 362(a), one of the central purposes of section 362(a)(7) is to bring to a halt all debt collection activity in order to provide the debtor with a breathing spell 'pending an orderly examination of the debtors' and creditors' rights.'" Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.06[1]. The automatic stay, however, "does not defeat the creditor's setoff right," rather setoff is merely stayed "pending an orderly examination of the debtor's and creditor's rights." Id at ¶553.06[1][a]. There is a marked distinction between a creditor setting off postpetition by collecting on a debt and a creditor asserting its setoff rights in an adversary proceeding initiated by the debtor/plaintiff.

There is a crucial exception to the automatic stay which is not included under 11 U.S.C. §362(b), namely; that "[a]ny action to recover property, to collect money, to enforce a lien, or to assert a prepetition claim against the debtor which would otherwise be enjoined by 11 U.S.C. §362(a) if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending." In re Atreus Enterprises, Ltd., 120 B.R. 341, 346 (Bankr. S.D.N.Y. 1990) citing In re American Sports Innovations ASI, 105 Bankr. 614, 617 (Bankr. W.D. Wash. 1989); In re Vylene Enterprises, Inc., 63 Bankr. 900, 907 (Bankr. C.D. Cal. 1986); In re American Spinning Mills, Inc., 43 Bankr. 365, 367 (Bankr. E.D. Pa. 1984); See also; Phoenix Surgicals, LLC v. Victor (In re Victor), 2018 Bankr. Lexis 143, *5-7 (Bankr. D. Conn. 2018); Maxwell Real Estate Inv., LLC v. Liberty Asset Mgmt. Corp. (In re Liberty Asset Mgmt. Corp.), 2017 Bankr. Lexis 758, 2017 WL 1100586, *11-13 (9th Cir. BAP 2017) ("… the stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending. Although the statutory language does not differentiate between proceedings in bankruptcy courts and proceedings in other courts, the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underling the automatic stay"); In re Sammon, 253 B.R. 672, 681 (Bankr. D.S.C. 2000) ("In other words, the automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court"); Corwin v. Countrywide Home Loans, Inc. (In re Corwin), 864 F. 3d 344 (5th Cir. 2017).

Following the above analysis regarding the exception to the automatic stay provisions when the proceeding is in the same bankruptcy court where the bankruptcy case is pending, this court reasons that a party that is sued by the debtor in an adversary proceeding regarding a turnover action/ breach of contract does not violate the automatic stay by asserting certain affirmative defenses (such as setoff) in its *Answer to the Complaint* and/or by filing a *Counterclaim* to the Debtor/Plaintiff's *Complaint*.

Moreover, in a turnover action under 11 U.S.C. §542(b)[3], one of the available defenses specifically set forth in section 542(b) is the right to setoff, which is also preserved in the bankruptcy case by section 553, and specifically referenced in 11 U.S.C. §542(b). The defendant in a turnover action is not required to seek relief from the automatic stay prior to interposing the right of setoff as a defense. 11 U.S.C. §§542(b) & §553. Thus, a creditor, "… does not violate the automatic stay by raising the existence of a right of setoff as a defense in a turnover proceeding under section 542." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.06[1][b].

Next, the court will address the issue of whether setoff is an affirmative defense or whether the same must be asserted via a counterclaim.

Fed. R. Bankr. P. 7013 provides: "Rule 13 Fed. R. Civ. P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief. A trustee or debtor in possession who fails to plead a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so

---

[3] 11 U.S.C. §542 provides:

"(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

(c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other tan the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

(d) A life insurance company may transfer property of the estate or property of the debtor to such company in good faith, with the same effect with respect to such company as if the case under this title concerning the debtor had not been commenced, if such transfer is to pay a premium or to carry out a nonforfeiture insurance option, and is required to be made automatically, under a life insurance contract with such company that was entered into before the date of the filing of the petition and that is property of the estate.

(e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. §542.

-18-

requires, may by leave of court amend the pleading, or commence a new adversary proceeding or separate action." Fed. R. Bankr. P. 7013. Pursuant to Fed. R. Bankr. P. 7013, the right of setoff is a permissive counterclaim because it arises from an independent claim that a defendant has against the plaintiff. See In re Laughter, Inc., 1995 Bankr. Lexis 2163, *16. Pursuant to Rule 7013, a party sued by the trustee or debtor in possession does not need to state as a counterclaim a claim that the party has against the estate, unless the claim arose post-petition. However, "… [i]n practice, setoff and recoupment may be asserted either as counterclaims seeking affirmative relief, or as defenses seeking only to reduce the size of a debt. Although recoupment may be pleaded as a counterclaim, no affirmative recovery is generally allowed. Under the Federal Rules of Civil Procedure, recoupment can give rise to a compulsory counterclaim within the meaning of Rule 13(a). In bankruptcy practice, Rule 7013 of the Federal Rule of Bankruptcy Procedure abrogates the concept of a compulsory counterclaim with respect to counterclaims that are prepetition in nature. If pleaded as a counterclaim rather than as a defense, setoff provides the basis for a permissive counterclaim." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.11.

Therefore, this court finds that a defendant does not need to file a counterclaim to assert its setoff rights as an affirmative defense, unless it seeks distribution from the estate. Setoff rights raised as an affirmative defense serve to reduce or extinguish the amount sought by the debtor/plaintiff. However, if the defendant wants to assert an affirmative relief, then filing a permissive counterclaim would be the best procedural practice. Multinational asserted its setoff right as an affirmative defense as part of its *Answer to the Complaint*. In addition, the Defendant filed a Counterclaim requesting its affirmative relief.

*Binding effect of a confirmed plan pursuant to section 1141 and section 553 setoff rights*

Lastly, the court addresses the legal issue of whether 11 U.S.C. §553 takes precedence over 11 U.S.C. §1141, meaning whether the Defendant's setoff rights have been waived and cancelled by the binding effect of the plan of reorganization and the Order confirming Debtor's Plan of Reorganization. In the instant case, the Debtor/Plaintiff argues that the Third Amended

Plan of Reorganization (Docket No. 379) contains several provisions which preclude the Defendant's counterclaim and enjoins the Defendant from prosecuting any prepetition claim, including setoff claims, against the Debtor and the bankruptcy estate.

Article XIII of the confirmed chapter 11 plan, titled Release and Discharge of Claims, provides the following under the subsection of **Discharge**:

"Except as otherwise expressly provided in Section1141 of the Code or the Plan, the distributions made pursuant to and in accordance with the applicable terms and conditions of the Plan are in full and final satisfaction, settlement release and discharge as against the Debtors of any debt of the Debtors that arose before the Effective Date, and any debt of the Debtors of a kind specified in Section 502(g), 502(h), or 502(i) of the Code, and all Claims against the Debtors or its Estate of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, other than the interest proposed in Debtors' plan, whether or not (I) a proof of claim based on such debt, obligation or equity interest is filed or deemed filed under Section 501of the Code, (ii) such Claim is Allowed under Section 502 of the Code, or (iii) the holder of such Claim has accepted the Plan.

**Injunction Relating to the Plan**:

As of the Effective Date of the Plan all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtors and/or its Estate, on account of, or respecting of any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan or under any specific order entered by the Bankruptcy Court. Additional and specific injunctions pursuant to the Settlement with Secured Creditor are extensive to Debtor's President.

**Setoffs**:

Except as otherwise provided in this Plan, nothing contained in this Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any Person.

**Preservation of Claims:**

It is specifically stated that the Debtors retain the right to pursue the causes of action filed and all litigation pending and future against First Bank Puerto Rico, related directly or indirectly to the avoidance actions and/or any other action and shall not be considered moot or waived by the Confirmation of the Plan. All of Debtor's rights under all causes of action directly or indirectly related to all causes of action listed on Exhibit 4 and any other cause of action filed thereafter are hereby expressly reserved and retain under the provisions of 1123(b)(3)(B)." (Lead Case 12-01076, Docket No. 379, pgs. 15-16).

Article XIV titled, **Other Provisions**, provides in pertinent part:

"Confirmation of the Plan and the Confirmation Order will vest title of all property of the Estate in Debtors and will constitute final settlement of payment to all creditors.

All injunctions or stays provided for in the bankruptcy case at bar under Sections 105 or 362 of the Bankruptcy Code (11 U.S.C.), or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the effective date.

All claims against Debtors of whatever nature, including any claim arising from the rejection of any executory contract, or any other action, shall be bound by the provisions of this Plan.

Any holder of a claim or interest who fails to file an objection in writing to the provisions of the Plan, which is filed with the Court and served upon counsel for the Debtors, not later than the date set for the confirmation of the plan, shall be deemed to have accepted its classification and to be bound by the proposed Plan.

All actions taken by the Debtors with respect to any person shall not be construed to release, waive, discharge, compromise or in any other way satisfy any claim, except those subject to any agreement between the parties" (Lead Case 12-01076, Docket No. 379, pg. 16).

Courts are divided on the issue of whether plan confirmation or the discharge of a creditor's claim bars the creditor from asserting its setoff rights pursuant to 11 U.S.C. §553. See Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.08; See also; Bruce S. Nathan and Scott Cargill, *Last in Line: Failing to Adequately Assert Setoff Rights Could Jeopardize Recovery*, 32-9 ABIJ 16 (October 2013). "A majority of the courts that have addressed the issue answer that confirmation and discharge do not prohibit the defense use of setoff in a subsequent action by the debtor. A minority, however, take the opposite view." Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶553.08[1].

The case of In re Davidovich, 901 F. 2d 1533, involved a debtor that had filed a Chapter 7 voluntary petition of the Bankruptcy Code and was granted a discharge soon thereafter (5 ½ months) of all debts arising before the date of the filing of the bankruptcy petition. Creditor Welton had not filed a proof of claim against Davidovich's estate. The Bankruptcy Court had approved a stipulation for relief from stay so that the arbitration proceedings would be allowed to continue. Almost two years after the debtor's discharge, the Chapter 7 Trustee and the debtor filed an adversary proceeding against Welton, seeking confirmation of the Arbitration Award and requesting that the amount Davidovich was required to pay Welton be discharged under the Award and a Judgment. Welton argued that there should be an offset for more than $25,000

Davidovich owed him under the Arbitration Award. Welton basically argued that his debt to Davidovich under the Arbitration Award was completely offset by the Arbitration Award obligations and the Partnership. The Chapter 7 Trustee argued that Welton's failure to file a proof of claim coupled with the Davidovich's discharge, precluded Welton from asserting his setoff rights. The Court of Appeal for the Tenth Circuit in In re Davidovich reaffirmed their holding in In re G.S. Omni Corp., 835 F. 2d 1317 (10th Cir. 1987) and held that filing a proof of claim is not a prerequisite to asserting setoff rights under section 553 and further held that a discharged debt may be setoff under section 553. The Tenth Circuit's reasoned the following:

> "As we recognized in Omni, the Bankruptcy Code 'does not affect any right of a creditor to offset a mutual, [prepetition] debt owing such creditor' other than in a limited number of circumstances not present here. Id. at 1318; 11 U.S.C. §553(a). Thus, the right to assert a setoff against a mutual, prepetition debt owed the bankruptcy estate survives even the Bankruptcy Court's discharge of the bankrupt's debts (citations omitted). Here, no less than in Omni, it would also 'be unfair to deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to a debtor.'" Omni, 835 F. 2d at 1318." In re Davidovich, 901 F. 2d at 1539.

The Tenth Circuit in In re Davidovich concluded that 11 U.S.C. §553 takes precedence over section §524(a)(2) in a Chapter 7 proceeding. Section 524(a)(2) provides in its relevant part that a discharge operates as an injunction against an action to offset a debt of a personal liability of the debtor.

The case of Carolco Television Inc. v. Nat'l Broadcasting Co. (In re De Laurentiis Entertainment Group Inc.), 963 F. 2d 1269 (9th Cir. 1992), cert. denied, 506 U.S. 918, 113 S. Ct. 330, 121 L. Ed. 2d 249 (1992), involved a Chapter 11 debtor that filed for bankruptcy protection and a creditor that had filed a timely proof of claim asserting its setoff rights. The creditor had also filed a motion requesting relief from the automatic stay to pursue its setoff claim. An adversary proceeding ensued in which the creditor's claim was converted into a complaint. According to the confirmed plan, a third party acquired the debtor's rights to the claim against the creditor and the same were transferred 'free and clear' of all pre-bankruptcy claims or

interests, not listed in the plan. The creditor did not object to this plan or contest the plan confirmation order. The third party argued that 11 U.S.C. §1141(c) and (d) discharge the debt owed to creditor, and that the binding effect of the confirmed plan precludes the creditor from asserting its setoff rights, given that the creditor did not object to the plan of reorganization.

The Ninth Circuit Court of Appeals in In re De Laurentiis Entertainment Group Inc., 963 F. 2d at 1276, held that section 553 must take precedence over section 1141. The reasons for its holding were the following:

> "Section 553 provides that, with listed exceptions not relevant here, 'this title does not affect the right of any creditor to offset a mutual debt…' This language not only establishes a right to setoffs in bankruptcy, subject to enumerated exceptions, but seems intended to control notwithstanding any other provision of the Bankruptcy Code. To give section 1141 precedence would be to ignore this language.
> Furthermore, a contrary conclusion essentially would nullify section 553. Section 553 does not by itself create a right of setoff. Instead, it merely allows setoffs in bankruptcy to the same extent they are allowed under state law. Buckenmaier, 127 Bankr. at 237. If section 1141 were to take precedence over section 553, setoffs would be allowed under Chapter 11 only where they were written into a plan of reorganization. Section 553 would be largely superfluous, since a setoff could be written into the reorganization plan even without section 553. A reading of section 553 which renders it meaningless should be highly suspect."

The Ninth Circuit further reasoned that setoffs were "essential to the equitable treatment of creditors. A setoff is allowed as a defense to a claim brought by the debtor against a creditor. The creditor can claim only an amount large enough to offset its debt; it cannot collect anything from the debtor" Id. at 1276-1277.

The minority view has held that setoffs are not allowed after plan confirmation. The Third Circuit Court of Appeals in In re Continental Airlines, 134 F. 3d 536 (3rd Cir. 1998) held that the appellant had to assert its setoff rights prior to confirmation of the plan of reorganization, and thus its setoff rights were extinguished upon the plan's confirmation. Continental Airlines and its subsidiaries filed voluntary petitions for Chapter 11. After confirmation of the plan of

reorganization, one of the government agencies that was also a creditor filed an amended proof of claim, in which it asserted its setoff right for the first time. The Third Circuit held the following:

> "To summarize, we reaffirm the ruling in <u>Norton</u> and hold that the right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim." <u>Id.</u> at 542.

> "In many respects, <u>Norton</u> and <u>Continental</u> are distinguishable from <u>Davidovich</u> and <u>Carolco</u>, and the different principles on which these very different decision rely are not necessarily opposed. If a claim has been discharged, the better view is that, notwithstanding the discharge, the creditor should be entitled to assert the claim defensively in an action brought by the debtor to collect on a debt. Similarly, if a debtor's confirmed plan says nothing about the creditor's right of setoff, the creditor holding a discharged claim should also be entitled to assert the claim on a defensive basis. In either instance, however, a creditor holding a discharged claim may not obtain an affirmative recovery above the amount of the debt." Richard Levin & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶553.08[2].

After thoroughly analyzing the above cases, the court finds that the material facts of each one of them are distinguishable from the material facts of the instant case. In the instant case, the Debtor did not list Multinational as a creditor, therefore Multinational was not listed in the creditor mailing matrix. The deadline to file a proof of claim for all creditors was June 21, 2012 (Lead Case 12-01076, Docket No. 4). The instant adversary proceeding was filed on March 14, 2013. On May 9, 2013, Multinational filed its *Answer to Complaint* and its *Counterclaim (*Docket No. 10). On May 28, 2013, the Debtor/Plaintiff filed its Answer to Counterclaim (Docket No. 12). On May 5, 2014, the Debtor filed its *Third Amended Plan of Reorganization* and the Order confirming the same was entered on May 23, 2014 (Lead Case No. 12-01076, Docket Nos. 379 & 386). The adversary proceeding was still pending at the time the Debtor's *Third Plan of*

-24-

*Reorganization* was confirmed. On May 13, 2014, the Plaintiff filed its *Position Regarding Reply to 'Motion in Compliance with Order to Inform'* requesting a date for a pretrial hearing (Docket No. 26). On June 26, 2014, the Plaintiff filed a *Motion to Inform Intent to Perform Additional Discovery* (Docket No. 32). On February 19, 2018, NAPRO filed its *Proposed Findings of Fact and Conclusions of Law* as part of its *Proposed Findings of Fact*, it included the following, "(18) Multinational answer[ed] the complaint on May 9, 2013 and counterclaim NAPRO for an alleged debt of over $340,000. (19) NAPRO answered the crossclaim on May 28, 2013 and denied the alleged debt to Multinational (Docket No. 12)" (Docket No. 159, pg. 5). In the section of conclusions of law, the Plaintiff stated, "Multinational now intends to avoid payment to the Debtor of the monthly installment for December 2011, claiming that there were debts owed which allowed a set-off of these amounts. Multinational further claims that the alleged debt owed by the Debtor exceeds the amount Debtor would be entitled to under the Service Agreement. These defenses and allegations do not assist Multinational as a matter of fact and law." (Docket No. 159, pg. 8). The failure to include Multinational as a creditor in debtor's schedules, the timing of the sequence of events detailed above and leading to the filing of this complaint, and the failure to provide for Multinational in the confirmed chapter 11 plan, weigh in favor of Multinational in determining its entitlement to claim its setoff rights.

The Debtor's *Third Amended Plan of Reorganization* does not expressly abrogate a creditor's setoff rights or bar creditors from asserting setoff rights post-confirmation. See Daewoo Int'l (Am) Corp. Creditor Trust v. SSTS Am. Corp., 2003 U.S. Dist. Lexis 9802,*13-14, 2003 WL 21355214 ("We find these cases distinguishable, however, in that unlike the instant matter, they do not involve a confirmation order which specifically prohibits the assertion of a setoff or recoupment claim against the debtor or the creditor trust. Indeed, where there is a specific provision in the confirmation order prohibiting setoff claims, courts have indicated that the right

to setoff may not survive the confirmation plan. See In re Lykes Bros. Steamship Co., 217 B.R. 304, 310 (Bankr. M.D. Fla. 1997) (holding that where the debtor's plan of reorganization specifically prohibited any creditor from 'asserting setoff… of any kind against any debt,… due to the Debtor, the Reorganized Debtor [or] the reorganization trusts…' and where the creditor failed to assert its setoff claim until after confirmation by the bankruptcy court, 'facilitating the reorganization process is the overriding policy in this case and… the provisions of Section 1141 take precedence over Section 553.").

The court finds that in the instant case, in which the Debtor/Plaintiff has initiated an adversary proceeding past the due date of filing proof of claims premised on a turnover action/breach of contract filing a proof of claim is not a prerequisite for asserting setoff rights as an affirmative defense.

This court concludes that the confirmed chapter 11 plan, that is, Debtor's Third Amended Plan of Reorganization does not include a particular provision that prohibits the assertion of a setoff or recoupment claim against the Debtor and/or the assertion of setoff or recoupment of any kind (such as an affirmative defense) against a debt. Thus, the plan cannot be binding on Multinational's right to assert setoff as an affirmative defense. Therefore, this court concludes that, pursuant to 11 U.S.C. §553, and subject to the limited exceptions included within that provision, the binding effect of a confirmed plan does not extinguish prepetition setoff right, particularly if the same are asserted by a defendant in an adversary proceeding ensued by the Debtor/Plaintiff and the confirmed plan does not specifically treat those setoff rights.

Conclusion

In view of the foregoing, this court finds that: (i) filing a proof of claim is not a prerequisite to asserting the right of setoff; (ii) the Defendant in an adversary proceeding does not have to file a motion for relief of the automatic stay to assert its setoff rights as an affirmative defense or to file a counterclaim; (iii) setoff may be treated as an affirmative defense if no distribution from the

-26-

bankruptcy estate is requested or it may be asserted as a permissive counterclaim if affirmative relief is sought; and (iv) in the instant case, 11 U.S.C. §553 takes precedence over 11 U.S.C. §1141.

Therefore, a hearing is scheduled for September 30, 2020 at 10:00 am for the Defendant to present the documentary and witness evidence in support of its setoff defense, including the conclusion of the testimony of Pedro González.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of April, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge